UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Glenn Moorer, *a/k/a Curtis G. Moorer,* | ) C/A No. 6:17-1749-RBH-KFM ) ) |
| Plaintiff, | ) ) |
| vs. | ) **REPORT AND** ) **RECOMMENDATION** |
| Mr. Luthi, New Carolina Mortgage, Christopher Edwards, Moss & Associates, | ) ) ) |
| Defendants. | ) ) |

The plaintiff, proceeding *pro se*, is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. For the reasons set forth below, the undersigned respectfully recommends that the complaint be transferred to the Bankruptcy Court.

## BACKGROUND

The plaintiff states that on October 2, 2012, he retained Christopher Edwards of Moss & Associates to represent him in his Chapter 13 bankruptcy filing (doc. 1 at 3). He contends that Edwards failed to properly represent him because he failed to include the plaintiff's house in the filings (*id*.). He alleges that he was not aware that Edwards had not included his home until he received notice in February 2013 that his home was to be sold at auction (*id*. at 4). The plaintiff asserts that he went to speak to Edwards about his representation and Edwards would not respond to him (*id*.).

The plaintiff requests that Moss & Associates pay for his home in full; he also seeks damages for emotional distress and legal fees (*id*. at 5). He requests that this Court take Moss & Associates license for "black balling" the plaintiff and because Carolina Mortgage and Moss & Associates discriminated against him (*id*.).

## **DISCUSSION**

The court takes judicial notice that on March 29, 2013, the plaintiff, represented by Edwards, filed for bankruptcy under Chapter 13 of the Bankruptcy Code. *See In Re: Moorer*, Case No. 13-01936-hb (Bankr. D.S.C. 2013) (ECF No. 1); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The case was dismissed on January 8, 2014. *In Re: Moorer*, Case No. 13-01936-hb (Bankr. D.S.C. 2013) (ECF No. 60). The plaintiff's present claims effectively arise from that action.[1]

Pursuant to 28 U.S.C. § 157 and Local Civil Rule 83.IX.01, this District has granted authority to refer all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the Bankruptcy Court. The Fourth Circuit Court of Appeals has expressly held that malpractice claims alleged against an attorney or law firm who represented a plaintiff during bankruptcy proceedings "fall[] within a bankruptcy court's core

---

[1]The undersigned notes that the plaintiff filed essentially the same complaint, with different attachments, against two of the present defendants in 2015. *See Moorer v. Luthi*, C/A 6:15-cv-01921-RBH (D.S.C. May 29, 2015). Because the plaintiff's previous case was dismissed without prejudice, there was no final decision on the merits. *See Confederate Mem'l Ass'n, Inc. v. Hines,* 995 F.2d 295, 300 (D.C.C.1993) (usual rule is that dismissal *with* prejudice operates as an adjudication on merits); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5 (1979) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action"). Therefore, the undersigned will consider the plaintiff's claims.

jurisdiction under 28 U.S.C. § 157." *Grause v. Englander*, 321 F.3d 467, 475 (4th Cir. 2003). Accordingly, the plaintiff's complaint implicates core proceedings such that referral to the Bankruptcy Court is necessary. *See* 28 U.S.C. § 157(b)(2).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court refer this matter to the Bankruptcy Court for the District of South Carolina. **The plaintiff's attention is directed to the important notice on the next page.**

August 22, 2017                                      s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).