UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Curtis Glenn Moorer, | ) Civil Action No.: 6:17-cv-01749-RBH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Mr. Luthi, New Carolina Mortgage, Christopher Edwards, and Moss & Associates, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's untimely objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* R & R [ECF No. 16]. The Magistrate Judge recommends that the Court refer this matter to the Bankruptcy Court for the District of South Carolina.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which specific written objections have been filed. *Id.* However, the Court need not conduct a de

---

[1] The Magistrate Judge filed the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of timely filed specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

Objections to an R & R must be filed within fourteen days of the date of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When service of the R & R is made by mail (as in this case), the objecting party has three additional days to file objections. *See* Fed. R. Civ. P. 6(d). A paper is filed when it is delivered to the Clerk (or a judge), not when it is mailed.[2] *See* Fed. R. Civ. P. 5(d)(2).

## Discussion

The Magistrate Judge entered the R & R on August 22, 2017, and the Clerk mailed Plaintiff a copy of the R & R that same day. *See* ECF Nos. 16 & 18. Plaintiff's objections were therefore due by September 8, 2017.[3] *Id.* However, the Clerk did not receive Plaintiff's objections until September 13,

---

[2] The prison mailbox rule recognized in *Houston v. Lack*, 487 U.S. 266 (1988), does not apply in this case because Plaintiff is not a prisoner. *See* 487 U.S. at 271.

[3] The R & R notified Plaintiff that "[s]pecific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation" and that "**[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**" R & R at 4. *See generally Green v. Reynolds*, 671 F. App'x 70–71 (4th Cir. 2016) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance."). Because Plaintiff was served by mail, he had three additional days to file objections. *See* Fed. R. Civ. P. 6(d).

2

2017. *See* ECF Nos. 20 & 20-1 (timestamps by the Clerk). Thus, Plaintiff's objections are untimely, and the Court need not consider them.[4]

"[I]n the absence of a ***timely filed*** objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). The Court has reviewed Plaintiff's complaint and the Magistrate Judge's R & R evaluating Plaintiff's allegations. Having done so, the Court discerns no clear error and therefore will adopt and incorporate the R & R by reference.

## Conclusion

For the foregoing reasons, the Court finds no clear error and therefore adopts and incorporates by reference the R & R [ECF No. 16] of the Magistrate Judge. Accordingly, the Court **REFERS** this case to the Bankruptcy Court for the District of South Carolina.

**IT IS SO ORDERED.**

Florence, South Carolina
September 19, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[4] The Court has reviewed Plaintiff's objections out of an abundance of caution. Plaintiff indicates he "would like for [his] case to be sent to the Federal Court, not to the District of South Carolina Bankruptcy Court." ECF No. 20. However, the Court finds the Magistrate Judge correctly recommended that the case be transferred to the Bankruptcy Court. Plaintiff has pled claims against the attorney and law firm that represented him in his Chapter 13 bankruptcy filing. The Fourth Circuit has expressly held such malpractice claims "fall[] within a bankruptcy court's core jurisdiction under 28 U.S.C. § 157," *Grausz v. Englander*, 321 F.3d 467, 475 (4th Cir. 2003); and this Court has by local rule automatically referred all bankruptcy cases to the Bankruptcy Court. *See* Local Civ. Rule 83.IX.01 (D.S.C.). Thus, this case should be referred to the Bankruptcy Court. *See, e.g.*, *Bowen v. Bank One*, No. 6:05-1021-HFF-BHH, 2006 WL 1488844 (D.S.C. May 26, 2006) (adopting an R & R that recommended referral to the Bankruptcy Court of malpractice claims asserted against the Chapter 13 plaintiff's attorney and law firm).